IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 10, 2022

**STATE OF TENNESSEE v. PHILLIP DAVID DANIEL**

**Appeal from the Circuit Court for Bedford County**
**No. 19109     M. Wyatt Burk, Judge**

———————————————————

**No. M2021-01122-CCA-R3-CD**

———————————————————

Following an evidentiary hearing, the trial court found that Phillip David Daniel, Defendant, violated the terms of his probation by incurring new criminal charges and ordered the execution of the sentence as originally entered.  On appeal, Defendant concedes that he violated his probation but claims that the trial court erred by ordering him to serve the balance of his sentence.  Following a *de novo* review of the record, we affirm the sentence imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Donna Hargrove, District Public Defender, and Michael J. Collins Assistant District Public Defender, Lewisburg, Tennessee, for the appellant, Phillip David Daniel.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Robert J. Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 17, 2020, Defendant pled guilty in Bedford County Circuit Court to two counts of forging a title and one count of theft of property over $10,000 but less than $60,000, in exchange for an agreed-upon six-year sentence to be served on probation.[1]  On July 1, 2021, Defendant's probation officer filed an affidavit alleging that Defendant had violated Rule 1 of the conditions of his probation by being charged with identity theft and

———————————————

[1] Neither the judgments of conviction nor the transcript of the guilty plea hearing is contained in the record on appeal.  This information was contained in the probation revocation affidavit.

forgery in Bedford County in June of 2020 and by being charged with forgery and criminal simulation in Rutherford County in November of 2020. A probation violation warrant was issued the same day.

At the September 2, 2021 revocation hearing, Sergeant Charles Stewart with the Criminal Investigations Division of the Tennessee Highway Patrol testified that he was contacted by Charles Griffin concerning difficulty Mr. Griffin was having registering a 2008 Honda Civic that he purchased for $3,700 from Defendant. Mr. Griffin gave Sergeant Stewart two documents that Defendant had given him: (1) a bill of sale signed by Defendant noting that the 2008 Honda Civic had been sold to Mr. Griffin "as is" for $3,700.00, and (2) a Certificate of Sales Under Special Conditions ("the Certificate of Sales") dated June 2, 2020, stating under oath that Daniel's Auto Repair was the owner and holder of an indebtedness owed by April Myers of Silver Creek, Georgia, for work done on a 2008 Honda Civic. The Certificate of Sales stated that the indebtedness was secured by a garage keeper's lien that had been foreclosed. On the line of the Certificate of Sales, above "signature of owner," was written "Elizabeth Morales."

Sergeant Stewart explained that the first step in obtaining a Mechanic's Lien was to file a Vehicle Information Request ("VIR") with the Tennessee Department of Revenue. Trooper Stewart obtained a copy of a VIR dated February 18, 2020, that showed on its face that it had been filed by Daniel's Auto Repair and signed by Ms. Morales as owner. Attached to the Vehicle Information Request was a bill allegedly from Daniel's Auto Repair in the amount of $1,985 for diagnostics, storage, and lien paperwork for the 2008 Honda Civic. Sergeant Stewart also obtained a copy of a February 21, 2020 letter addressed to Daniel's Auto Repair that had been mailed by the Tennessee Department of Revenue stating that it had attempted to process "your verification of ownership request" but that the Honda Civic was not registered in Tennessee.

Sergeant Stewart obtained a copy of a "Vehicle, Title, and Tag Information" document from the Georgia Department of Revenue confirming that the 2008 Honda Civic was owned by Ms. Myers. He contacted Ms. Myers, who denied having any work done on the vehicle by Daniel's Auto Repair and denied signing the Certificate of Sales. He then contacted Daniel Flores, the owner of Daniel's Auto Repair, who denied having done any work on the vehicle or being owed any money for unpaid work on the Honda Civic. Based on his conversation with Ms. Morales, Sergeant Stewart compared the state database of Ms. Morales' signatures with the one from the Certificate of Sales and determined that the signatures were not similar. A copy of the signatures Sergeant Stewart obtained was entered as an exhibit.

During his investigation into Mr. Griffin's complaint, Sergeant Stewart learned of another Certificate of Sales Under Special Conditions dated November 19, 2020, alleging

that Daniel's Auto Repair was the lienholder of the same 2008 Honda Civic. The document, which bore the signature of Ms. Morales as owner, stated that the Honda Civic was being sold to Defendant for $300.00. Sergeant Stewart also learned from the Rutherford County Clerk that Defendant had filed approximately twenty-eight similar documents in Rutherford County. The clerk was able to identify Defendant as the person who filed the documents from Defendant's driver's license photograph. All of the documents were purportedly signed by Ms. Morales.

At the conclusion of the evidentiary hearing, the trial court stated that it had "considered the testimony and the proof adduced here today in conjunction with the exhibits that have been submitted." The court found by a preponderance of the evidence that Defendant forged Ms. Morales' signature and "then attempted through identity theft to use her identification to obtain a proper title for this vehicle in order to sell it to Mr. Griffin" and that Defendant violated the terms of probation by incurring new criminal charges of forgery and criminal identity theft in Bedford County. Other than making a general statement "that all of the events that have been testified to" by Sergeant Stewart occurred after Defendant was placed on probation, the court did not make any finding concerning the Rutherford County charges.

Concerning the consequences of the violation and the sentence to be imposed, the trial court stated:

> Now, [the] question would then become what do we do with that as a result. The Court is guided by the statute and it certainly does allow the suspension or the termination of that suspended sentence and require or allow the Court to sentence -- to commence the original sentence, put it into place, and that's what I'm going to do. I'm going to suspend the sentence and send him to jail for the remainder of the term based on this new violation. So, the original judgment will be in order this term going forward.

The trial court made no additional findings concerning the sentence.

*Analysis*

On appeal, Defendant concedes that he violated the conditions of his probation but claims that the trial court erred by ordering execution of the sentence as it was originally entered. The State argues that the trial court did not abuse its discretion by ordering execution of the sentence as it was originally entered.

Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority "to impose one of several alternative consequences:

(1) order incarceration for some period of time; (2) cause execution of the sentence as it was originally entered; (3) extend the defendant's probationary period by up to two years; or (4) return the defendant to probation on appropriate modified conditions." *State v. Dagnan*, 641 S.W.3d 751, 756 (Tenn. 2022).

On March 4, 2022, six months after the probation revocation hearing in this case, our supreme court issued *Dagnan* concluding "that probation revocation is a two-step consideration on the part of the trial court." The first step "is to determine whether to revoke probation." The second step "is to determine the appropriate consequence upon revocation." *Id*. at 753. The court "emphasize[d] that these are two distinct discretionary decisions, both of which must be reviewed and addressed on appeal." *Id.* The court made it clear that "[s]imply recognizing that sufficient evidence existed to find that a violation occurred does not satisfy this burden." *Id.* at 758-59. The court announced that, if the trial court properly stated on the record its findings for revoking a defendant's probation and its findings for imposing the consequences for the violation, then an abuse of discretion with a presumption of reasonableness standard of appellate review applied to both steps of the two-step consideration. *Id.* at 759. The trial court's findings in both steps have to be sufficient for the appellate court to conduct a meaningful review of the revocation decision. *Id.*

When a trial court fails to place on the record its reasoning for revoking probation, unless the defendant admits to the violation, or fails to place on the record its reasoning for imposing the sentence, we may conduct a *de novo* review if the record is sufficiently developed for the court to do so, or we may remand the case to the trial court to make such findings. *Id.* The trial court in this case failed to state on the record its reasons for causing execution of the sentence as it was originally entered. We find that the record is sufficiently developed for us to conduct a *de novo* review.

Sergeant Stewart testified that he was contacted about the difficulty Mr. Griffin was having obtaining title to a vehicle he purchased from Defendant. Sergeant Stewart's investigation revealed evidence indicating that Defendant forged Ms. Morales' signature to a Certificate of Sales Under Special Conditions dated June 2, 2020, and that he used that forged document to sell a motor vehicle that he did not own to Mr. Griffin. The information obtained from the investigation led to Defendant's being charged with identity theft and forgery in Bedford County in June of 2020. Sergeant Stewart also found documentation indicating that Defendant forged Ms. Morales' signature to a Certificate of Sales Under Special Conditions dated November 19, 2020, which led to Defendant being charged with forgery and criminal simulation in Rutherford County in November of 2020.

Less than six months after Defendant pled guilty to two counts of forging a title and one count of identity theft, he incurred new charges of identity theft and forgery in Bedford

County, and less than a year after pleading guilty, he incurred additional charges for forgery and criminal simulation in Rutherford County. Although at the time of the revocation hearing the new charges were still pending, the State was able to establish facts "that would permit the trial court to make a conscientious and intelligent judgment" that the conduct of Defendant violated the conditions of his probation. *State v. Harkins*, 811 S.W.2d 79, 81 (Tenn. 1991). The trial court did not rely upon the "mere fact of an arrest" or pending charges to justify revocation of Defendant's probation. *Id.* at 82. In the same manner, the evidence produced at trial allowed this court to determine that the criminal offenses underlying the Bedford and Rutherford County charges were very similar to, if not almost identical to, the criminal offenses to which Defendant pled guilty in January of 2020, and for which he was serving a probated sentence. Defendant has demonstrated that he cannot or will not comply with the first rule of probation and has shown a "lack of potential for [his] rehabilitation." Tenn. Code Ann. § 40-35-103(5). There was "substantial evidence" in the record to support the trial court's ordering the original sentence be placed into effect. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001), and the trial court did not abuse its discretion in ordering the execution of the sentence as it was originally entered.

The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE